UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRYAN WAYNE CRAWLEY,

    Plaintiff,

v.

WARREN ROBERTS; SANDY WHITBREAD; DANA BAILEY; MICHELE DAVIES; ODOC HEALTH SERVICES; TLC COMMITTEE JOHN DOE; JANE DOE,

    Defendants.

Case No. 2:24-cv-00323-MTK

**OPINION AND ORDER**

**KASUBHAI, District Judge.**

    Plaintiff, an adult in custody (AIC) at the Eastern Oregon Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 and alleged that Defendants exhibited deliberate indifference to his serious medical needs. Plaintiff now moves for a preliminary injunction requiring Defendants to "reinstate" an "effective pain treatment plan" that includes extra pillows, extra blankets, extra towels, an extra mattress, a cane, ice four times a day, and restrictions of "no stairs" and a lower bunk. Plaintiff fails to show that a preliminary injunction is warranted under the circumstances, and the motion is denied.

/ / /

1  - OPINION AND ORDER

DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, Plaintiff may show "'serious questions going to the merits' and a balance of hardships that tips sharply" in his favor, provided that he "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). Under either approach, Plaintiff must carry his burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Plaintiff fails to meet this burden.

First, Plaintiff fails to show that he is likely to succeed on the merits. Plaintiff complains of nerve pain and previously received medical orders allowing extra pillows, blankets, mattresses, and towels, an extra mattress, and medical restrictions of no stairs and a lower bunk. Recently, however, Oregon Department of Corrections (ODOC) medical personnel have deemed many of these items and restrictions medically unnecessary. Plaintiff contends that Defendants' failure to extend the previous medical orders constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference is established when a prison official knows that a prisoner faced a "substantial risk of serious harm" and disregards that risk by failing to take

reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In other words, a "prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

      The record reflects that Plaintiff has received renewed authorization for a cane, a lower bunk restriction, and an extra blanket. Mancuso Decl. Exs. 1-3. Further, Plaintiff has received medical treatment for his condition, including an x-ray and MRI of his knee and an orthopedic consultation. *Id.* Exs. 4-5. To establish deliberate indifference in these circumstances, Plaintiff must set forth sufficient facts suggesting "that the course of treatment" the ODOC medical providers "chose was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to Plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1094 (9th Cir. 2016) (citation omitted). Plaintiff produces no evidence showing that an extra mattress, extra pillows and towels, and a stair restriction are medical necessary or that Defendants have purposefully withheld them in conscious disregard of the risks to his health. At most, Plaintiff presents a difference of medical opinion between him and his providers that does not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1058.

      Because Plaintiff does not demonstrate that the items and restriction he seeks are medically necessary, Plaintiff cannot establish the remaining factors – irreparable harm, balance of equities, and the public interest – required for issuance of a preliminary injunction.

      Plaintiff also renews his request for the appointment of counsel. As the Court previously explained, Plaintiff has not demonstrated that this is an exceptional case warranting the

appointment of volunteer counsel. Plaintiff can articulate his claims and has pursued several motions and requests for relief.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction and renewed Motion for Appointment of Counsel (ECF Nos. 17, 24, 35) are DENIED.

Plaintiff's Motion for Extension of Time (ECF No. 40) is GRANTED. Discovery shall be completed and dispositive motions shall be filed by March 10, 2025.

IT IS SO ORDERED.

DATED this 27th day of January 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

4   - OPINION AND ORDER