UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRYAN WAYNE CRAWLEY,

Plaintiff,

v.

WARREN ROBERTS; SANDY WHITBREAD; DANA BAILEY; MICHELE DAVIES; ODOC HEALTH SERVICES; TLC COMMITTEE JOHN DOE; JANE DOE,

Defendants.

Case No. 2:24-cv-00323-MK

**OPINION AND ORDER**

**KASUBHAI, District Judge.**

Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants exhibited deliberate indifference to his serious medical needs and his chronic pain. Defendants now move for summary judgment on all claims. Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment, and Defendants' motions are GRANTED.

## BACKGROUND

Plaintiff's claims arise from the denial of his requests for an extra mattress, extra bedding and towels, and other items while he was housed at the Eastern Oregon Correctional Institution (EOCI).

On September 12, 2023, Plaintiff saw Nurse Practitioner (NP) Bailey and requested an extra mattress, extra towels and bedding, and a cane to help with his chronic pain. Mancuso Decl. Ex. 1. Apparently, Plaintiff had medical orders for these items that had expired or required new authorization. NP Bailey recommended that Plaintiff's requests be taken to the Therapeutic Level of Care (TLC) Committee, an ODOC medical board that reviews nonemergency requests for medical care. *Id.* Ex. 1-2; *see* Or. Admin. R. 291-124-0041(4)(a)-(b).

On October 3, 2023, the TLC Committee—which included Dr. Roberts and NP Bailey at the time—approved a cane and a six-month low bunk restriction but found that an extra mattress and extra bedding and towels were not medically necessary. Mancuso Decl. Ex. 2; Stills Decl. ¶ 5. On October 16, 2023, NP Davies submitted a second request for two extra pillows to the TLC Committee, and on October 17, 2023, the TLC Committee—which included NP Bailey—denied this request as "not medically indicated." Mancuso Decl. Exs. 2- 3; Stills Decl. ¶ 6.

Plaintiff submitted numerous complaints to medical staff claiming that TLC Committee members and other medical providers retaliated against him by denying his requests. Mancuso Decl. Exs. 4-6. EOCI health services staff, including Defendant Whitbread, responded and explained that Plaintiff's requests were deemed "comfort" items and were not medically necessary. *Id.* Ex. 4; *see also* Stills Decl. ¶ 7.

On July 15 and August 5, 2024, Plaintiff was seen by NP Davies, who recommend that Plaintiff obtain an MRI and be given a knee brace. Mancuso Decl. Ex. 7. The TLC Committee—

which included NP Davies and Dr. Roberts—approved an MRI and an orthopedic consultation. *Id.* Exs. 7-8.

In March and September of 2025, Plaintiff had MRIs of his lumbar and cervical spine. Pl.'s Response to Roberts' Mot. Summ. J. Exs. "H.S." 6, 12 (ECF No. 90-1 at 164, 166). After the March 2025 MRI, an ODOC physician renewed orders for extra bedding and towels, a cane, and a restriction of no stairs. After the July 2025 MRI, Plaintiff was referred for a neurosurgery consultation. *Id.* Exs. "H.S." 11, 13 (ECF No. 90-1 at 165, 167).

Currently, Plaintiff has a lower bunk restriction and authorization for a cane, two extra towels, two extra pillows, three extra blankets, one extra mattress, ice packs four times a day, and heat packs up to four times a day. Stills Dec. ¶ 9. As of December 2025, when the State Defendants' filed their motion, Plaintiff also had a pending neurology appointment to address his future treatment. *Id.* ¶ 10.

## DISCUSSION

Plaintiff alleges that NP Bailey, NP Davies, Dr. Roberts, and the TLC Committee violated his rights under the Eighth Amendment by denying or interfering with his requests for items that allegedly relieved his chronic nerve pain. Plaintiff also alleges that all Defendants violated his rights under the First Amendment by denying or interfering with his requests in retaliation for his complaints and grievances. Plaintiff seeks compensatory damages and injunctive relief. *See generally* Am. Compl. (ECF No. 9).[1]

[1] Plaintiff also references the Fourteenth Amendment in his Amended Complaint. However, as a convicted prisoner, his claims of deliberate indifference are properly raised under the Eighth rather than the Fourteenth Amendment. To the extent Plaintiff alleges a violation of his substantive due process rights, such a claim is not cognizable because the First and Eighth Amendments protect against Defendants' allegedly unlawful conduct. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

Defendants move for summary judgment on grounds that Plaintiff received appropriate medical treatment and cannot establish that any of the named Defendants acted with deliberate indifference or retaliatory intent. Alternatively, Defendants argue that they are entitled to qualified immunity. To prevail on their motions, Defendants must show that "there is no genuine dispute as to any material fact" and they are entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving party, Defendants bear the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to Plaintiff to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id*.

The Court must "draw all reasonable inferences" in favor of Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

Because Plaintiff is self-presented, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, this does not relieve Plaintiff from his "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, No. 10-CV-5862-GAF (RNB), 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

A. <u>Deliberate Indifference to Medical Needs</u>

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an AIC's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To sustain a claim for deliberate indifference, Plaintiff must establish the existence of "a serious medical need" and show that "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Jett*, 439 F.3d at 1096. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* If an AIC alleges a delay in receiving medical treatment, the delay must have led to "significant harm." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

Plaintiff presents no evidence suggesting that NP Bailey, NP Davies, or Dr. Roberts deliberately disregarded a substantial risk of harm to his health. NP Bailey and NP Davies presented Plaintiff's requests for bedding, towels, and an extra mattress to the TLC Committee, and even though those requests were found not medically necessary, the TLC Committee approved a cane and bunk restrictions to address Plaintiff's ambulatory needs. No evidence of record suggests that Defendants disregarded recommendations by a treating provider, or that an extra mattress, bedding, and towels were medically necessary to treat Plaintiff at that time. Likewise, Plaintiff points to no evidence of record suggesting that the denial of an extra mattress and bedding otherwise posed a substantial risk to Plaintiff's health. Instead, the record reflects

Plaintiff's disagreement with the TLC Committee's decision. However, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard,* 744 F.3d 1076 (9th Cir. 2014) (en banc). Even if Plaintiff contends that TLC Committee members misdiagnosed the severity of his condition, inadequate medical treatment due to negligence or inadvertence does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Toguchi*, 391 F.3d at 1057.

Moreover, the record reflects that the named Defendants considered his requests and approved many of them. For example, in addition to the cane and bunk restriction, the TLC Committee approved an MRI and an orthopedic consultation for Plaintiff's knee to address his complaints of pain. Further, Plaintiff had two MRIs of his lumbar and cervical spine in March and July of 2025, and after the March 2025 MRI, a physician authorized Plaintiff to possess an extra mattress and extra blankets, pillows, and towels.

On this record, Plaintiff fails to raise a genuine issue of fact to support his claims for deliberate indifference, and summary judgment is granted on these claims.

B. Retaliation

Plaintiff also alleges that all Defendants retaliated against him for filing complaints and grievances by denying his requests for extra bedding and towels and other items to address his chronic pain.[2]

[2] Plaintiff recently filed declarations asserting that he was transferred to Two Rivers Correctional Institution (TRCI) because of his protected activity and that TRCI officials have failed to protect him from threats of harm and denied him the use of ice. However, these allegations are not included in the Amended Complaint and are not at issue in this action.

To sustain a viable claim of First Amendment retaliation, Plaintiff show five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff fails to present evidence suggesting that any of the named Defendants denied his requests because of his complaints or grievances. The record reflects that the TLC Committee denied Plaintiff's requests as medically unnecessary, and nothing in the record suggests that Plaintiff's complaints or grievances played any role in its decision. In fact, the TLC Committee denied Plaintiff's requests in October 3, 2023, *before* he initiated most of his grievances. Plaintiff relies on unsupported and conclusory assertions to support this claim, and it is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

**CONCLUSION**

Defendants' Motions for Summary Judgment (ECF Nos. 70, 99) are GRANTED, and this action is DISMISSED. An appeal from this Opinion and Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is HEREBY REVOKED. IT IS SO ORDERED.

DATED this 28th day of September 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge